CH

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
NOV 29 2007
Nov 29 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

ROOSEVELT CLAY, )
)
Plaintiff, )
)
v. )
)
RICHARD DEVINE in his official capacity )
as STATE'S ATTORNEY OF COOK )
COUNTY, CELESTE STEWART STACK, )
FRED A. SHEPPARD III, )
)
Defendants. )

07cv6700
JUDGE BUCKLO
MAG. JUDGE DENLOW

**JURY DEMANDED**

## VERIFIED COMPLAINT AT LAW

NOW COMES your Plaintiff, Roosevelt Clay, by and through his attorneys, The Moran Law Group, and complains of Defendants, stating the following allegations of fact:

### NATURE OF ACTION

1. On or about December, 2005, Defendants willfully refused to produce exculpatory evidence in Plaintiff's criminal trial. This action addresses the resultant violations of Plaintiff's Fourteenth Amendment right to procedural due process and of Plaintiff's Sixth Amendment right to a fair trial.

### JURISDICTION

2. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 (a)(1)-(4), which confers original jurisdiction upon this court for any civil action brought under the Constitution, the treaties or any Act of Congress, including those providing for the protection of civil rights, and 42 U.S.C. § 1983.

3. The Plaintiff, Roosevelt Clay ("Plaintiff" or "Clay"), was at all times relevant to the

claims herein a citizen of the United States and a resident of Illinois, residing in the Northern District of Illinois.

4. Defendant Celeste Stewart Stack was at all times relevant to the claims herein a citizen of the United States and a resident of Illinois, residing in the Northern District of Illinois.

5. Fred A. Sheppard III was at all times relevant to the claims herein a citizen of the United States and a resident of Illinois, residing in the Northern District of Illinois.

6. Richard A. Devine was at all times relevant to the claims herein a citizen of the United States and a resident of Illinois, residing in the Northern District of Illinois. Devine is sued in his official capacity only.

7. That all events relevant to Plaintiff's claims occurred in the County of Cook, in the state of Illinois and within the Northern District of Illinois, Eastern Division.

## COUNT I: CONSTITUTIONAL VIOLATION

8. On or about March, 1988, Plaintiff Roosevelt Clay was tried in a criminal case by The Office of the Cook County State's Attorney in the Cook County Circuit Court.

9. Before that trial, Defendants made an agreement with an incarcerated man, Frank Love, to obtain testimony against Roosevelt Clay. The agreement was that the Mr. Love would give false testimony implicating Mr. Clay at the criminal trial, and the prosecutors would procure a recommendation that Mr. Love be paroled immediately.

10. At trial, Love gave his false testimony, and Plaintiff was found guilty, and subsequently incarcerated.

11. In consideration for Mr. Love's false testimony, prosecutors procured Love's parole.

12. On or about January, 2002, Plaintiff obtained evidence that Love had given false

testimony in exchange for his parole at Plaintiff's March, 1988 trial.

13. On or about June, 2004, Plaintiff presented this evidence to the Circuit Court of Cook County and was granted a new trial based on that evidence.

14. On or around December, 2005, Plaintiff was again tried in the Circuit Court of Cook County.

15. The attorneys who prosecuted Plaintiff on behalf of the State of Illinois were Assistant Cook County State's Attorneys Fred A. Sheppard III, and Celeste Stewart Stack.

16. During the pretrial phase, Plaintiff requested that the state produce documents related to any deal prosecutors made with Mr. Love to procure false testimony from Mr. Love in Plaintiff's trial.

17. The state turned over no such evidence, although, upon information and belief, such evidence existed and was within the control of the state.

18. At the criminal trial held on or about December, 2005, the state again called Frank Love to testify against Plaintiff, and, again Mr. Love gave false testimony pursuant to Love's agreement with the state.

19. Such actions by Defendant constituted a violation of Plaintiff's Sixth Amendment right to a fair trial and of Plaintiff's the Fourteenth Amendment right to due process.

WHEREFORE, Plaintiff prays this honorable court (1) to enter a judgment against Defendants for nominal damages and (2) to enter a declaratory judgment that Defendants violated Plaintiff's constitutional rights when they kept exculpatory evidence from Plaintiff at his criminal trial.

## JURY DEMAND

20. Plaintiff Roosevelt Clay demands trial by jury.

Respectfully submitted,

_____
Attorney for Plaintiff

John Thomas Moran, Jr.
THE MORAN LAW GROUP
309 W. Washington Suite 900
Chicago, IL 60606
(312) 630-0200

## VERIFICATION

Under penalties as provided by law pursuant to Section 1746 of Federal Civil Judicial Procedure and Rules, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

10-31-07
Date

*Roosevelt Clay*
Roosevelt Clay