IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROOSEVELT CLAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07 C 6700 |
| | ) | |
| RICHARD DEVINE in his official capacity | ) | Judge Elaine E. Bucklo |
| as STATE'S ATTORNEY OF COOK | ) | |
| COUNTY, CELESTE STEWART STACK, | ) | |
| FRED A. SHEPPARD III, | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Now comes the plaintiff, Roosevelt Clay, by counsel, and moves this Honorable Court pursuant to Federal Rule of Civil Procedure 59 (e) or in the alternative, Rule 60, to alter or amend or vacate judgment dismissing the above matter for want of prosecution, and in support where of states as follows:

This motion is filed pursuant to F.R.Civ.Proc. 59 (e). Rule 59 (e) relief is available to correct the Court's judgment to dismiss the matter *sua sponte* for want of prosecution.

Rule 59 (e) states that:

> "Motion to Alter or Amend a Judgment. A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment."

The Court has wide discretion and may grant a Rule 59 (e) motion to prevent manifest injustice. When reconsideration is necessary to prevent a manifest injustice, a district court should reconsider

1

its ruling. *Russell v. Delco Remy*, 51 F. 3d 746, 749 (7th Cir. 1994); *Global View Ltd. Venture Capital v Great Cent. Basin Exploration, L.L.C.* (2003, SD NY) 288 F Supp 2d 482. may grant the motion to prevent manifest injustice. *Global View Ltd. Venture Capital v Great Cent. Basin Exploration, L.L.C.* (2003, SD NY) 288 F Supp 2d 482.

I.　**The Factual Background**:

Here, a one-court civil rights complaint was filed on behalf of plaintiff on November 29, 2007.

On December 14, 2007, counsel's associate, Gabriel Galloway, stated that his last day for the firm was December 21, 2007. Mr. Galloway was assigned to prepare and monitor this matter.

Counsel had the flu the week of December 24, 2007.

On December 28, 2007, the court issued an order setting a status for February 8, 2008.

Counsel, due to the influx of emails received while he was out of the office, did not see the court's emailed order and therefore did not attend the February 8, 2008 status.

On January 11, 2008, counsel's other associate resigned to work for a personal injury firm on two weeks notice. (He gave notice on Christmas Eve.)

The court held the status on February 8, 2008 and without prior warning, dismissed the matter for want of prosecution.

Without excusing the oversight here, counsel had taken numerous depositions in a civil rights case before Judge Darrah ( 5 in January alone), was authorized in early January, 2008 by Judge Kennelly to act as counsel for Teamsters Local 743, and has prepared and filed responses to motions for summary judgment on February 8, 2008 and February 15, 2008, in matters pending before Judges Pallmeyer and Lefkow, respectively.

II.  **Fundamental Fairness and Justice Require Vacation or Modification of the Judgment Dismissing the Matter.**

Counsel for plaintiff, an incarcerated individual, apologizes for not seeing the court's emailed order of December 28, 2007 and not appearing at the status to advise the court as to the progress of service of summons. In fact the plaintiff had set up a call with counsel the very morning that the status was held.

In this circuit, the Seventh Circuit has held that "dismissals without warning are appropriate in only the most extreme cases, where it is clear that counsel must have expected his actions (or inaction) to be asnwered with dismissal." *In re Bluestein & Co.*, 68 F.3d 1022, 1026 (7th Cir. 1995). Unlike that case, here there has been no pattern of dilatory behavior. Counsel was having difficulty contacting his client whose prison was on "lock down" for weeks and therefore no phone calls were being permitted. The location of the individual defendants had to be pinned down and the matter was on track and within the 120 day period for service.

The Seventh Circuit has taken notice that the sanction of dismissal under Fed.R.Civ.P. 41(b) is an extremely harsh sanction and has found it appropriate only in extreme circumstances. *Id.* Rather, the court has noted the availability of other, less drastic sanctions that should first be utilized. *Pyramid Energy Ltd. v. Heyl & Patterson, Inc.,* 869 F.2d 1058, 1061 (7th Cir. 1989). Most important, the Court has stated that because there is a question of notice and the right to a hearing, it has required "an explicit warning before the case is dismissed." *Ball v. City of Chicago*, 2 F.3d 752, 756, 760 (7th Cir. 1993). No explicit or express warning regarding the possibility of dismissal with prejudice was made to plaintiff. In the recent case of *Rice v. City of Chicago*, 333 F.3d 780, 786 (7th Cir. 2003), the court stated:

> " While it is true that there is no requirement for district courts to impose graduated sanctions, *Ball v. City of Chicago*, 2 F.3d 752, 756 (7th Cir. 1993), it is well settled in this circuit that the ultimate sanction of dismissal should be involved " 'only in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailable.'" *Grun*, 163 F.3d at 425 (quoting *Pyramid Energy Ltd. v. Heyl & Patterson, Inc.*, 869, F.2d 1058, 1061 (7th Cir. 1989)); *accord GCIU Employer Retirement Fund*, 8 F.3d at 1199; *Del Carmen*, 908 F.2d at 162; *Schilling v. Walworth County Park & Planning Comm'n*, 805 F.2d 272, 278 (7th Cir. 1986)."

Here, the case was dismissed at the initial status without prior warning. As noted above, counsel for plaintiff did not receive the order setting the status date but in any case apologizes for not revisiting the Pacer/report to see if the court had issued an order. Plaintiff bears no responsibility for his counsel's oversight and should not suffer such a drastic penalty.

## CONCLUSION

Pursuant to Fed.R.Civ.P. R. 59 (e) or R. 60, this court should reconsider its *sua sponte* entry of a Fed.R.Civ.P. 41(b) dismissal for want of prosecution and reinstate the case with leave to complete service of process instanter.

    Respectfully submitted,

By   /s/ John Thomas Moran, Jr.
      Attorney for Plaintiff

MORAN LAW GROUP
309 W. Washington Suite 900
Chicago, IL 60606
(312) 630-0200

## CERTIFICATE OF SERVICE

      The undersigned, an attorney, certifies that he has caused a true and accurate copy of the above PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT to be served upon all counsel of record by CM-EMF E-Filing pursuant to the Local Rules of the N.D. of Illinois and the General Order on Electronic Case Filing, Section XI(C), on this 19th day of February, 2008.


      By:   /s/ John Thomas Moran, Jr.
                Plaintiff's Attorney.


Moran Law Group
309 W. Washington Suite 900
Chicago, IL 60606
(312) 630-0200
j.t.m.moran@gmail.com